**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ZURICH SERVICES CORPORATION and AMERICAN ZURICH INSURANCE COMPANY, | ) ) ) ) | |
| Petitioners, | ) ) | Case No. 25 C 2016 |
| v. | ) ) ) | Judge John Robert Blakey |
| SUN HOLDINGS, INC., | ) ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Zurich Services Corporation and American Zurich Insurance Company initiated this action February 26, 2025, with a petition filed pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, seeking confirmation of the arbitration award entered in their favor and against Sun Holdings, Inc. on February 20, 2025. *See* [1]. Sun Holdings responded to the petition, and moved to partially vacate or modify the arbitration award. *See* [11], [12]. For the reasons explained more fully below, the Court grants Petitioners' motion [1] and confirms the award in its entirety.

**I.     Background & Procedural History**[1]

The underlying dispute concerns certain contracts executed by the parties in

---

[1] The FAA authorizes the parties to petition this Court to confirm or vacate the subject arbitration award, but it does not itself confer subject matter jurisdiction; the Court must have "an 'independent jurisdictional basis' to resolve the matter." *Badgerow v. Walters*, 142 S. Ct. 1310, 1314 (2022) (quoting *Hall Street Assocs. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). Here, Petitioners are Illinois corporations with their principal places of business in Schaumburg, Illinois; Respondent is a Texas corporation with its principal place in Farmers Branch, Texas; and the amount in controversy exceeds $75,000 exclusive of interest and costs, *see* [1] ¶¶ 1, 2, 4. 28 U.S.C. § 1332(a)(1) thus provides an independent jurisdictional basis to resolve this matter.

2019: a Claim Services Agreement executed by Zurich and Sun Holdings, [1-1]; and a Paid Deductible Agreement executed by American Zurich and Sun Holdings, [1-2]. Under the Claim Services Agreement, Zurich agreed to provide Sun Holdings with certain claims handling services in relation to Sun Holdings' general liability insurance program; the Paid Deductible Agreement (which Petitioners call the Program Agreements) pertain to workers' compensation policies American Zurich issued to Sun Holdings. [1] at 2. The subject agreements all included arbitration clauses, *see* [1-1] at 9–10; [1-2] at 7, and, in June 2023, Zurich and American Zurich demanded arbitration of disputes with Sun Holdings, seeking to recover amounts Sun Holdings owed to both under their respective agreements. [1] at 2–3.

A panel of three arbitrators was selected pursuant to the parties' agreements, the parties submitted a joint pre-hearing stipulation of undisputed facts as well as separate pre-hearing briefs, and the arbitrators held a hearing on October 24, 2024. The panel entered an interim award on December 13, 2024, and a final award on February 20, 2025, [12-1], [1-3]. In the interim award, the arbitrators determined that Sun Holdings owed Zurich $740,944.75, plus fees, costs, and interest. [12-1] at 7–8, 9. The arbitrators also determined that Sun Holdings owed American Zurich $15,195.19, plus interest. [12-1] at 9. The final award ordered Sun Holdings to pay American Zurich $15,616.93, plus interest, and to pay Zurich $1,032,514.95, plus interest. [1-3].

Zurich and American Zurich moved to confirm that arbitration award on February 26, 2026, [1]. In response, Sun Holdings indicated that it does not oppose

2

the confirmation of the award as to American Zurich; nor does it oppose the confirmation of the bulk of the award as to Zurich. [12] at 2. Sun Holdings does, however, oppose the confirmation of that portion of the Final Award giving Zurich fees and costs, which, respectively total $150,000 and $3,669.43. *Id.*

## II. Applicable Legal Standards

Federal court review of arbitration awards remains "tightly limited." *Standard Sec. Life Ins. Co. of New York v. FCE Benefit Administrators, Inc.*, 967 F.3d 667, 671 (7th Cir. 2020) (citing *Baravati v. Josephthal, Lyon & Ross, Inc.*, 28 F.3d 704, 706 (7th Cir. 1994)). Generally, "if a party seeks to confirm an arbitration award within a year of its entry, the court must do so unless the award has been vacated or modified under sections 10 or 11 of the FAA." *Chelmowski v. AT&T Mobility LLC*, No. 14 C 7283, 2015 WL 231811, at *3 (N.D. Ill. Jan. 15, 2015) (citing 9 U.S.C. § 9; *IDS Life Ins. Co. v. Royal Alliance Assocs.*, 266 F.3d 645, 650-51 (7th Cir. 2001)). "Confirmation is 'usually routine or summary,' and a court will set aside an arbitration award 'only in very unusual circumstances.'" *Standard Sec. Life Ins. Co. of New York*, 967 F.3d at 671 (quoting *Hasbro, Inc. v. Catalyst USA, Inc.*, 367 F.3d 689, 691−92 (7th Cir. 2004); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995)).

The FAA authorizes this Court to vacate an arbitral award: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon

sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a).

A party petitioning a federal court to vacate an arbitration award "bears the heavy burden of showing that the award falls within" these "very narrow" circumstances. *Cremin v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 434 F. Supp. 2d 554, 559 (N.D. Ill. 2006) (citing *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004)); *see also Affymax, Inc. v. Ortho-McNeil-Janssen Pharms., Inc.,* 660 F.3d 281, 284 (7th Cir. 2011) (The list of grounds for vacation "is exclusive; neither judges nor contracting parties can expand it."). Beyond these exceptions, the award "will be enforced. This is true even if the arbitrator's award contains a serious error of law or fact." *Butler Mfg. Co. v. United Steelworkers of Am., AFL-CIO-CLC*, 336 F.3d 629, 632 (7th Cir. 2003) (citing *Major League Baseball Players Assoc. v. Garvey*, 532 U.S. 504, 509 (2001) (per curiam ); *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731*, 990 F.2d 957, 960 (7th Cir.1993)). *See also Plank v. Vision Ltd. P'ship*, No. 02 C 4453, 2003 WL 76864, at *2 (N.D. Ill. Jan. 9, 2003) ("The grounds for challenging an arbitration award are narrowly limited, and factual or legal errors—even clear or gross errors—are not grounds for vacating an award."). Otherwise, "arbitration would just be the first of a series of steps that always culminated in court litigation, and it would lose its raison d'être." *Id.* (citing *Flexible Mfg. Sys. Pty. Ltd. v. Super*

4

*Prods. Corp.*, 86 F.3d 96, 100 (7th Cir. 1996)). "Once a dispute has been resolved through arbitration, the role of the reviewing court is extremely limited." *Wise v. Wachovia Sec. LLC*, No. 04 C 7438, 2005 WL 1563113, at *2 (N.D. Ill. May 4, 2005), *aff'd*, 450 F.3d 265 (7th Cir. 2006). This Court "must extend extraordinary deference to the arbitration panel's decision." *Id.*

### III.   Discussion & Analysis

Here, Zurich and American Zurich filed their petition on February 26, 2026, just six days after the arbitration panel issued its final award. And it is undisputed that the arbitration award has not been vacated or modified. Thus, under § 9 of the FAA, this Court must affirm the award absent proof from Sun Holdings that vacation remains warranted based upon one of the articulated grounds.

Sun Holdings seeks to modify or partially vacate just that aspect of the Final Award granting fees and costs to Zurich. *Id.* at 6–7. In seeking to vacate these portions of the award, Sun Holdings invokes § 10(a)(4), arguing that the arbitrators "exceeded their powers" by awarding amounts not permitted in the parties' contracts. [12] at 4–5. Sun Holdings raised the same argument at arbitration and argues that, in rejecting the argument, the arbitrators completely disregarded the terms of the parties' agreement. *Id.* at 6.

As Petitioners correctly note, binding case law forecloses this argument. In *Am. Zurich Ins. Co. v. Sun Holdings, Inc.,* 103 F.4th 475, 477 (7th Cir. 2024), the Seventh Circuit observed that an arbitration clause "delegates interpretive power to the arbitrators," and that courts asked to review the exercise of that power "do not

5

ask whether they read the contractual language correctly; it is enough that they tried to apply the contract that the parties signed." Despite Sun Holdings' attempt to reframe the matter, the question before this Court "is not whether the arbitrator or arbitrators erred in interpreting the contract; it is not whether they clearly erred in interpreting the contract; it is not whether they grossly erred in interpreting the contract; it is whether they interpreted the contract. If they did, their interpretation is conclusive." *Id.* (quoting *Hill v. Norfolk & Western Ry.*, 814 F.2d 1192, 1194–95 (7th Cir. 1987)). The record here shows that, in deciding whether to award fees and costs, the arbitrators interpreted the parties' contact. *See* [12-1] at 7–8 (quoting and analyzing the language of the Claim Services Agreement, including ¶¶ 12, 14.9). That ends the inquiry: the Court has no basis to find that the arbitrators exceeded their authority and thus denies Sun Holdings' request to modify or partially vacate the award.

## IV.     Conclusion

For the reasons explained above, the Court denies Sun Holdings' request to partially vacate the Final Arbitration Award entered February 20, 2025, and grants Petitioners' petition to confirm the award in its entirety.

Dated: March 17, 2026                        ENTERED:

John Robert Blakey
United States District Judge

6